


# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

LUTCHI GAYOT,   Plaintiff,
v.
25-cv-03760 (LDH)(PK)
CITY OF NEW YORK, et al.,   Defendants.

Case No.



**PLAINTIFF'S MOTION TO COMPEL OR CLARIFY OCTOBER 22 ORDER, TO MODIFY SCHEDULING DEADLINES, AND TO DIRECT U.S. MARSHALS SERVICE FOR UNSERVED DEFENDANTS**

## INTRODUCTION

Plaintiff **Lutchi Gayot**, proceeding *pro se*, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 26(b), 26(d), 37(a), 16(b)(4), and 4(c)(3) for an order:

1. Compelling or clarifying the City of New York's duty under the Court's October 22, 2025 Scheduling Order to disclose the **true legal identity and last-known address of the individual identified as "Maile Hays";**

2. Modifying the Scheduling Order to correct the procedural conflict between the amendment and disclosure deadlines; and

3. Directing the **United States Marshals Service** to effect service of process upon "Hays," Oscar Rodriguez, and any **individual NYPD officers who are no longer employed by the City** once their addresses are produced.

These requests are necessary to enable timely amendment and service and to ensure full compliance with the Court's directives.

## BACKGROUND

1. **Scheduling Order.** At the October 22, 2025 Initial Conference, the Court ordered the City to provide by December 1, 2025 "the names and correct addresses for the Individual



Defendants to be properly served." The Amended Complaint is presently due November 21, 2025, and the service deadline is December 31, 2025.

2. **Central Role of "Maile Hays."** The person known as "Maile Hays" is a key participant in the incidents of May 19, June 10, and July 13, 2022, described in NYPD Complaint Reports Nos. 2022-067-005265, 005284, and 005285.

3. **July 13, 2022 Precinct Supervisor and Legal Council Findings.** After Plaintiff and his mother presented proof of ownership, utility bills, and government-issued identification, precinct supervisors and legal counsel were informed that "Hays" possessed no verifiable identification and that the only record of her existence was a Department of Correction (DOC) fingerprint card listing "Hays" as an alias. Despite that knowledge, those supervisors refused to act, invoking an unwritten departmental policy of not verifying identification in residency disputes—a policy reflecting deliberate indifference intended to avoid liability. This practice—accepting unverified possession claims over documented ownership—became the *moving force* behind Plaintiff's loss of property and denial of due process.

4. **IAB Investigation.** On August 28, 2025, the **Internal Affairs Bureau (IAB)** concluded its investigation and confirmed that "Hays" had no state-issued identification other than the same DOC fingerprint card. IAB nonetheless ratified the original reports and stated that correction could occur only through court order.

5. **Municipal Knowledge and Ratification.** The 67th Precinct's acknowledgment on July 13, 2022 and IAB's ratification on August 28, 2025 establish both **actual municipal knowledge** and **continuing policy-level endorsement** of the unconstitutional practice, satisfying *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6. **Good-Cause Need.** Without disclosure of "Hays's" true identity and current address, Plaintiff cannot finalize the Amended Complaint or complete service within the existing deadlines, frustrating the Scheduling Order's purpose.

## LEGAL STANDARD

- **Rule 26(b)** allows discovery of all non-privileged information relevant to any claim or defense.

- **Rule 26(d)(1)** authorizes early discovery for good cause to identify defendants. *Arista Records LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).

- **Rule 37(a)** empowers the Court to compel disclosure when a party fails to provide required information.

- **Rule 16(b)(4)** permits modification of a scheduling order for good cause and with the Court's consent.

- **Rule 4(c)(3)** allows the Court to direct the **U.S. Marshals Service** to serve process when justice so requires, particularly for *pro se* § 1983 litigants or when personal service is impracticable.

---

# ARGUMENT

### I. The City Must Disclose the True Identity of "Maile Hays."

The City has exclusive access to the identifying information through its DOC and DCJS databases. The requested disclosure is narrowly limited to confirming the true legal identity and last-known address tied to the DOC fingerprint card referenced in the IAB report.

Concealing this information violates both procedural due-process obligations (*Brady v. Maryland*, 373 U.S. 83 (1963); *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001)) and the City's duty of candor under Rule 26(a)(1)(A)(i). The existence of a NYSID record confirms that the true identity is already known to the City and readily retrievable.

### II. The " No-ID-Check " Policy Was the Moving Force Behind Plaintiff's Injury.

The 67th Precinct's deliberate choice to honor unverified possession claims—despite acknowledging the lack of true identification—constitutes an actionable policy decision under *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). That policy directly caused the unlawful seizure and deprivation of property, establishing *Monell* liability.

When IAB later confirmed the alias and nonetheless declined to correct the reports, the City **ratified** the misconduct, demonstrating deliberate indifference. The City therefore has both a **legal** and **equitable** duty to reveal "Hays's" true identity so the Court can determine accountability.

### III. Modification of the Scheduling Order Is Required for Good Cause.

Because the Amended Complaint is due **before** the City's disclosure deadline, compliance is impossible. Good cause exists to extend the amendment deadline to **December 15, 2025** (14 days after disclosure). This adjustment ensures a single, comprehensive amended pleading and avoids duplicative filings.

### IV. U.S. Marshals Service Should Be Directed to Effect Service on Unserved Individuals.

The City has indicated that multiple officers named in the underlying reports—specifically from units **67A1-2, 67D1-2, and 67ST1-2**—are no longer employed by the NYPD, rendering precinct service impossible. In addition, personal service on "Hays" and Oscar Rodriguez presents both safety and logistical challenges for Plaintiff and the process server.

Under Rule 4(c)(3), the Court may direct the **U.S. Marshals Service** to serve process on:

1. the individual identified as **"Maile Hays"**;
2. **Oscar Rodriguez**; and
3. **any former NYPD officers** no longer in City employment.

To protect privacy, the City may provide each individual's last-known address **to the Clerk of Court under seal**, consistent with standard practice in § 1983 cases. Upon receipt, the Clerk may transmit the summonses and amended complaint to the U.S. Marshals Service for execution.

---

## REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an order:

1. **Compelling** the City of New York to produce, within 14 days, documents sufficient to reveal the true name and last-known address of the person identified as "Maile Hays," including any DOC/DCJS fingerprint and NYSID records, or alternatively submit such records for *in camera* review by the court;

2. **Clarifying** that the production of this information falls within the City's obligation under the October 22 Scheduling Order;

3. **Modifying** the Scheduling Order to extend the Amended Complaint deadline to **December 15, 2025** (or such other date as the Court deems appropriate);

4. **Directing** the **U.S. Marshals Service** to serve the Amended Complaint and summons on

    - the individual identified as "Maile Hays,"
    - Oscar Rodriguez, and

- any former NYPD officers no longer employed by the City,
  with the City to provide their last-known addresses to the Clerk of Court under seal; and

5. Granting such other and further relief as the Court deems just and proper.

## CONCLUSION

The City's own records confirm that "Maile Hays" is a fictitious identity linked to a Department of Correction fingerprint card, yet the City continues to withhold her true name. The City's longstanding policy of accepting unverified identification in residency disputes—and its ratification of that practice through the 67th Precinct supervisors, legal counsel, and the Internal Affairs Bureau—constitute both the *moving force* and *deliberate indifference* underlying Plaintiff's constitutional injury.

Prompt disclosure and Marshal-assisted service are necessary to advance this case efficiently, safeguard due process rights, and ensure that all responsible individuals are properly before the Court.

**Dated:** October 29, 2025
**Brooklyn, New York**

**Respectfully submitted,**

/s/ **Lutchi Gayot**
**Lutchi Gayot**, Pro Se Plaintiff
Tel: (718) 550-6123